UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Terrence Dimingo Terry, #307935, | ) C/A No. 6:10-2008-JFA-KFM |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Mr. Leroy Cartledge, Warden of McCormick Correctional Institution, | ) |
| Respondent. | ) |

The petitioner, Terrence Dimingo Terry ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner requests that this court vacate his state conviction and sentence imposed on March 8, 2005, in the Greenville County Court of General Sessions.

### *Pro Se* and *In Forma Pauperis* Review

Petitioner is a *pro se* litigant proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**Background**

It appears that Petitioner was convicted by guilty plea in the Greenville County Court of General Sessions on March 8, 2005, of one count Criminal Sexual Conduct with a minor, first degree, and two counts of Lewd Act, and he received a twenty-year sentence. On August 4, 2010, the Office of the Clerk of Court opened three separate habeas corpus actions submitted by Petitioner pursuant to 28 U.S.C. § 2254: *Terry v. Cartledge*, C/A No. 6:10-2006-JFA-KFM; *Terry v. Cartledge*, C/A No. 6:10-2008-JFA-KFM; and *Terry v. Cartledge*, C/A No. 6:10-2009-JFA-KFM.[2] From a review of all three actions, it appears that Petitioner intended to file three separate habeas actions all of which attack the same conviction and sentence imposed on March 8, 2005, in the Greenville County Court of General Sessions. Although the pleadings and attachments are very similar, it appears that Petitioner attempts to raise different arguments within each action. For example, in 6:10-2006-JFA-KFM, Petitioner raises as grounds for relief the alleged errors during the state trial proceedings (e.g., prosecutorial misconduct and ineffective assistance of trial counsel). In 6:10-2008-JFA-KFM, Petitioner raises as ground for relief the alleged errors during the post conviction relief ("PCR") appellate proceedings before the South Carolina Supreme Court (e.g., prosecutorial misconduct with the record on appeal, ineffective

---

2) Prior to August 4, 2010, Petitioner had not filed a habeas corpus petition in this court.

assistance of appellate counsel, due process violation because the South Carolina Supreme Court refused to permit Petitioner to proceed *pro se*). In 6:10-2009-JFA-KFM, it appears that Petitioner raises as grounds for relief several alleged errors with the PCR circuit judge's decision filed on April 11, 2007.

## Discussion

A person in custody pursuant to a judgment of a State court may seek a writ of habeas corpus in a United States District Court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254. A person who has presented a first habeas corpus application under § 2254 may only bring a second or successive habeas corpus application under § 2254 in certain limited circumstances. *See id.* In this case, Petitioner filed three habeas corpus petitions attacking the same state conviction and sentence pursuant to § 2254 at the same time. This is not proper procedure. If Petitioner was permitted to do so, the first case which would eventually be decided on the merits would then bar the other two cases so Petitioner's arguments raised within those actions could not be heard. Surely Petitioner intends to have all of his arguments heard by this court. Therefore, giving liberal construction to Petitioner's pleadings, this court believes that it is in the interest of justice to require that all of Petitioner's arguments be raised in the first § 2254 action which is 6:10-2006-JFA-KFM. Therefore, within 6:10-2006-JFA-KFM, this court has directed the Clerk of Court to append each of Petitioner's habeas corpus petitions with attachments filed in 6:10-2008-JFA-KFM and 6:10-2009-JFA-KFM to the habeas corpus petition filed in 6:10-2006-JFA-KFM. Thus, there will be one complete § 2254 petition pending in 6:10-

3

2006-JFA-KFM for this court to hear and determine all of Petitioner's arguments.[3] Combining all of Petitioner's arguments into his first § 2254 action also serves the interest of judicial economy. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970) (the District Court had no duty to grind the same corn a second time – once was sufficient). Because Petitioner's § 2254 petition and attachments filed in this action will be made a part of 6:10-2006-JFA-KFM, this action should be dismissed without prejudice and without service of process.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner). ***The petitioner's attention is directed to the important notice on the next page.***

                                                                s/Kevin F. McDonald
                                                                United States Magistrate Judge

August 13, 2010
Greenville, South Carolina

---

3) In 6:10-2006-JFA-KFM, this court has authorized service of process of the complete § 2254 petition with all attachments upon the respondent.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).